**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

BRIAN ZEITZ,

       Appellant,

       v.

DEPARTMENT OF VETERANS
    AFFAIRS,

       Agency.

DOCKET NUMBER
CH-0752-19-0553-X-1

DATE: May 25, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brian Zeitz, Hebron, Kentucky, pro se.

Demetrious A. Harris, Esquire and Kimberly Huhta, Esquire, Dayton, Ohio,
   for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      In a January 19, 2021 compliance initial decision, the administrative judge found the agency in partial noncompliance with the Board's March 5, 2020 final

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision reversing the appellant's constructive removal and ordering the agency to retroactively restore him with back pay, including interest, and benefits. *Zeitz v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-19-0553-C-1, Compliance File, Tab 14, Compliance Initial Decision (CID). For the reasons discussed below, we find the agency in compliance and DISMISS the appellant's petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2　　In the compliance initial decision, the administrative judge found the agency in partial noncompliance with the Board's final order to the extent it had failed to pay the appellant the proper amount of back pay owed, with interest. CID at 4. Accordingly, the administrative judge granted the appellant's petition for enforcement and ordered the agency to: (1) pay the appellant his back pay, with interest; and (2) provide the appellant with an explanation of the agency's updated back pay calculations. *Id.*

¶3　　The administrative judge informed the agency that, if it decided to take the actions ordered in the compliance initial decision, it must submit to the Clerk of the Board a narrative statement and evidence establishing compliance. CID at 4-5. In addition, she informed both parties that they could file a petition for review of the compliance initial decision if they disagreed with the findings therein. CID at 5-6. Neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114. Accordingly, pursuant to 5 C.F.R. § 1201.183(b)-(c), the administrative judge's findings of noncompliance became final, and the appellant's petition for enforcement was referred to the Board for a final decision on issues of compliance. *Zeitz v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-19-0553-X-1, Compliance Referral File (CRF), Tab 1.

¶4　　On February 24, 2021, the Board issued an acknowledgment order directing the agency to submit, within 15 calendar days, evidence showing that it had

complied with all actions identified in the compliance initial decision. CRF, Tab 1 at 3. The acknowledgment order notified the appellant that he may respond to any submission from the agency by filing written arguments with the Clerk of the Board within 20 calendar days of the date of service of the agency's submission. *Id.* The agency filed a response on March 8, 2021, stating that it had provided the Defense Finance and Accounting Service (DFAS) with the required documentation that DFAS needed in order to take the actions identified in the compliance initial decision. CRF, Tab 3 at 4-5. However, according to the agency, DFAS had not yet taken these actions as DFAS needed to review the appellant's records to identify any overlap during the backpay period wherein the appellant had started with his new employer, the Department of the Army. *Id.* at 5, 15.

¶5      In a supplemental response filed on September 9, 2021, the agency informed the Board that, through its coordination with DFAS, it had paid the appellant $45,792.65 in gross back pay and $3,095.63 in back pay interest, and had also restored his leave balances, on or before September 9, 2021. CRF, Tab 4 at 3, 7, 21. As evidence of its compliance, the agency provided copies of the appellant's DFAS Pay Audit Report; DFAS Leave Audit Report; and Leave Restoration Certificate. *Id.* at 4-23. The appellant did not respond to either the agency's March 8 or September 9, 2021 submissions.[2]

¶6      On October 25, 2021, the Board issued an order directing the appellant to submit, within 20 calendar days, a response to the agency's compliance submissions if he was still not satisfied with the agency's compliance in this matter. CRF, Tab 5 at 2. This order further cautioned the appellant that, if he did not respond to the agency's evidence of compliance within those 20 calendar

---

[2] Prior to the agency's submissions, the appellant responded to the acknowledgment order on February 26, 2021, to state that the agency had not yet paid him his back pay. CRF, Tab 2 at 4.

days, the Board "may assume that the appellant is satisfied and dismiss the petition for enforcement." *Id.* Again, the appellant did not respond.

## ANALYSIS

¶7 When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶8 Here, the agency has demonstrated that it has paid the appellant $45,792.65 in gross back pay and $3,095.63 in back pay interest, and has also restored his leave balances. The appellant has not responded to either of the agency's compliance submissions, despite twice being notified of his opportunity to do so, including having been cautioned that the Board may assume he is satisfied and dismiss his petition for enforcement if he did not respond. CRF, Tab 5. Accordingly, we assume that the appellant is satisfied with the agency's compliance. *See Baumgartner v. Department of Housing & Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

¶9 In light of the foregoing, we find that the agency is now in compliance and dismiss the appellant's petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.